## PRADER v. GRIM & COOPER.

THE usual bond being given, an order was made to show cause (Aug. 29th) why an injunction should not issue. A restraining order, "in the meantime," was issued. The case was continued until Oct. 10th, when, on hearing, the order was dissolved, injunction denied, and suit dismissed. Action on the bond. *Held*, that the restraining order embraces the time between its issuance and the hearing, and that damages may be had beyond Aug. 29th.

Counsel fees for dissolving this order are recoverable on the bond. And this, though the fee was paid after August 29th, provided the retainer were before.

APPEAL from the Sixth District.

The case is stated by the Court. The Court below, having ruled out all evidence of damage after August 29th, nonsuited plaintiff. The rulings will be understood by reference to the brief of Appellant. Plaintiff appeals.

*Smith & Hardy*, for Appellant.

1st. The restraining order was continued from time to time in the Court below, and the sureties were responsible during its continuance.

2d. The Court below erred in excluding evidence of the payment of counsel fees for the dissolving of the injunction. (*Ah Thaie* v. *Juan Wan et al.* 3 Cal. 217.)

3d. The Court below erred in ruling as matter of law that the restraining order terminated on the 29th day of August, 1856, and was not in force after that time. The order to show cause at that time was to bring the restrained party into Court, and the party was in Court, and under control of the restraining order until discharged or relieved by order of the Court.

*E. Cook*, for Respondent, Grim.

38

The defendants were sureties. The only question is, what did the sureties undertake? Simply to be responsible for any damages that might accrue up to the day to show cause why an injunction should not issue. A surety is only liable according to the strict letter of his undertaking. (*McGoverny et al.* v. *State of Ohio*, 20 Ohio, 93, and cases cited.)

Again : The statute does not provide for an undertaking upon an order to show cause. (Pr. Act, Sec. 116.) And this cannot be enforced as a common law agreement. Besides, unless authorized by statute, it being an undertaking to pay the debt or obligation of another, should express the consideration.

The plaintiff was not entitled to counsel fees for dissolving injunction. There was nothing to be dissolved. The temporary order granted, expired by its own limitation. The order staying, etc. until that time, was not in question after it was granted.

Again : Another undertaking was required and given before the motion for an injunction was argued, and by different sureties.

It is not alleged that any counsel fees were paid to procure the dissolution of an injunction, but merely to defend the suit upon its merits.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The defendants are sureties on an undertaking, executed to procure for one White a temporary injunction restraining the plaintiff from transferring or disposing of certain property, etc.

The Judge made an order in this form : "On filing the complaint in this cause, and bond in the sum of one thousand dollars, let the defendants show cause before this Court on Friday next, the 29th August, 1856, at the opening of the Court on that day, why an injunction should not issue in accordance with the prayer of the complaint; and in the meantime let an order issue restraining the defendants, as prayed for in said complaint." The order issued, after reciting these matters, and the citation to appear on the 29th August, proceeds : "*In the meantime* you, the said Prader, are enjoined," etc.

The undertaking was made by defendants to Joseph Prader,

William A. Prader, and Prescott Robinson (Receiver), and after reciting the facts, is conditioned generally to pay damages.

The case was continued, nothing having been done by the Court in reference to this preliminary order of injunction until the 20th September, when, upon a showing by the plaintiff here, the Court required a new bond of White, in the penalty of two thousand five hundred dollars, which was given, with new sureties.

On the 10th October, afterward, the Court dissolved the restraining order, and the motion of White for injunction was denied. On the 27th of the same month White's suit was dismissed.

The damages complained of are for injury sustained by the plaintiff between the giving of the first and second bond; and plaintiff insisted that he was entitled to recover damages after the day set for the hearing of the motion for this preliminary injunction, viz: 29th August, 1856, and also for an Attorney's fee for procuring the injunction to be dissolved.

The first question turns on the meaning of the order, for the undertaking is broad enough to cover these damages, unless restrained by the order. The order did not spend its force on the day set for the hearing. The restraint was not designed to be limited by a date, but by an event. The order was made to give the Court an opportunity of acting on the application, and to keep the property in litigation within the power of the Court until it did so act.

The language of the order is not that the defendant be restrained *in the meantime*, but in the meantime let an order issue restraining, etc. If, however, this were the language, the proper meaning, probably, would be, that the interim spoken of was designed to embrace the period intervening between the date of the mandate and the hearing of the application. If, from any cause, the Judge took no order on the 29th August, the defendant could not have removed the property. If this be the true construction of this order, as we think it is, the Court erred in refusing to permit the plaintiff to prove damages beyond the 29th August.

If the counsel fee were for procuring the dissolution of, and defending against, this order, that is a ground of "recovery"

within the meaning of the undertaking ; and this though the actual payment of the money were beyond the time limited, if the retainer were before.   (3 Cal. 217.)

But, for the first error assigned, the judgment must be reversed and cause remanded.