[No. 8,649. In Bank.—November 20, 1884.]

# NETTIE GILMAN, RESPONDENT, v. GILBERT L. CURTIS, APPELLANT.

LIFE INSURANCE POLICY—ASSIGNMENT AS COLLATERAL SECURITY—RIGHTS OF ASSIGNEE.—An assignment of a policy of life insurance as security for advances made and to be made by the assignee, vests the legal title to the policy in him. The remaining interest of the assignor is the right to receive what remains of the proceeds of the policy after the advances made by the assignee have been satisfied. Until such satisfaction, the assignee cannot be compelled to surrender the policy.

FINDINGS—Several findings on special issues held indefinite, uncertain, and inconsistent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Suit in equity. The plaintiff sought a decree, declaring that she was the owner of a policy of insurance upon the life of one Tucker, deceased, and entitled to collect and receive the amount of the insurance. The defendant in his answer claimed that he was the owner of the policy by assignment; that it was assigned to him as collateral security for moneys advanced and to be advanced; and that the sums advanced by him exceeded the amount of the policy. The amount of the insurance was $10,000. The court found that the policy was assigned to the defendant as collateral security for advances, and that these amounted to $4,071.21. The decree declared that plaintiff was the owner of the policy, and entitled to receive from the insurance company the amount due, and that defendant should receive from the proceeds of the policy, when paid, the amount of his advances. The other facts sufficiently appear in the opinion of the court.

*Charles F. Hanlon*, and *George W. Tyler*, for Appellant.

*William H. Sharp*, and *H. G. Sieberst*, for Respondent.

ROSS, J.—Taking the most favorable view for the plaintiff of this case, as presented, it is clear that the decree entered in the court below cannot stand. Conceding that it appears with sufficient certainty that the policy in question was assigned by the plaintiff to the defendant, to be held by him as collateral security

for certain advances to be and which were made by him, the legal title to the policy passed by the assignment to the defendant. The court should not, therefore, have adjudged the plaintiff the owner of the policy, and entitled to receive from the insurance company the whole amount due upon it. The interest of the plaintiff in the policy, upon that condition of fact, is in what remains of it after the advances, for the security of which it was assigned, have been satisfied, and defendant cannot be made to surrender it to the plaintiff until the advances made by him are repaid.

But the special issues, which were adopted by the court below as its findings, are indefinite, uncertain, and inconsistent. For example, upon an important question in the case, the answers of the jury to questions propounded were as follows:

" 8.   When plaintiff reassigned the policy to her mother, did she make such assignment absolutely for the benefit of her mother ?

" Answer—For the benefit of her mother.

" 9.   If such assignment was not made absolutely and solely for the mother's benefit, was it made with an understanding that Mrs. Curtis or defendant, Gilbert Curtis, should hold the policy subject to a trust in favor of plaintiff?

" Answer—Yes."

Judgment and order reversed and cause remanded, with leave to the parties to amend their pleadings, if they shall be so advised.

MORRISON, C. J., SHARPSTEIN, J., MYRICK, J., McKEE, J., THORNTON, J., and McKINSTRY, J., concurred.