MARY THURSTON, and another, *vs.* BENJAMIN F. HASKELL, and others.

Waldo. Opinion February 9, 1889.

*Injunction Bond. Damages. Counsel Fees.*

Where there was a hearing in equity for an injunction, and the bill, on its merits, was dismissed, an action may be sustained on the bond given to procure the preliminary injunction, without a formal decree being signed and filed.

Counsel fees are not recoverable in an action on an injunction bond, unless they were necessarily incurred in some successful effort to dissolve the preliminary injunction.

ON REPORT. Action on a bond, given by defendants, to procure an injunction in equity, the injunction having been denied

after a general hearing on the bill. After this suit was begun, all other damages, except counsel fees, were adjusted, and the case was reported to the law court for the determination of two questions: First, whether the action was maintainable; and, second, if so, whether counsel fees were recoverable as part of the damages.

*J. Williamson*, for plaintiffs.

Court authorized to proceed on liberal grounds. Costs allowed: *Swett* v. *Patrick*, 12 Maine, 9, (eviction); *Jennings* v. *Norton*, 35 Id. 309; *Lindsey* v. *Parker*, 142 Mass. 582, (indemnity bonds); *Whipple* v. *Cumb. Mfg. Co.*, 2 Story, 661, (flowage case); Injunction suits: High on Injunctions, § 973; *Edwards* v. *Bodine*, 1 Bart. 227; Sedg. Dam. 488, note; *Andrews* v. *Glenville Woollen Co.*, 50 N. Y. Ct. App. 282; *Solomon* v. *Chesley*, 59 N. H. 24; *Brown* v. *Jones*, 5 Nev. 374; *The Derry Bank* v. *Heath*, 45 N. H. 524. Injunctions were, in these cases, merely incidental, ancillary, auxiliary to the main object. Here, prayer was for injunction only; efforts of counsel were directed towards a dissolution and against continuation in a perpetual form. Bill and injunction, one and inseparable. Bill being dismissed, injunction falls with it without special order. *Willis* v. *Yates*, 1 Coop. Sel. Cas. 498.

Fees paid by plaintiffs are immediate and direct elements of damage. Contra: *Oelrichs* v. *Spain*, 15 Wall. 211, is not cited by High.

*W. P. Thompson and R. F. Dunton*, for defendants.

No final decree filed and entered, in equity suit, this action cannot be maintained. R. S., c. 77, §§ 20, 23, 26, 32, 37; Rules 49 and 50 for practice in chancery.

Counsel fees not part of damages. *Oelrichs* v. *Spain*, 15 Wall. 211; *Oliphant* v. *Mansfield*, 36 Ark. 191. Fees limited to services in obtaining dissolution of injunction. High on Injunctions, §§ 964, 973 and 974; *Newton* v. *Russell*, 87 N. Y. 527; *Randall* v. *Carpenter*, 88 Id. 293; *Bustamenta* v. *Stewart*, 55 Cal. 115; *Porter* v. *Hopkins*, 63 Id. 53; *Langworthy* v. *McKelvey*, 25 Iowa, 48. In N. H. cases, terms of the bonds are broad enough to include fees.

EMERY, J. The now defendant, Haskell, brought a bill in

equity against the now plaintiffs, the Thurstons, praying to have them permanently enjoined from using certain waters. Pending this bill, the complainant therein procured a preliminary injunction of like nature, upon filing a bond to the then respondents as provided in R. S., c. 77, § 32. The condition in the bond was expressed to be, that the complainant should pay all damages and costs caused by such preliminary injunction. The then respondents made no effort to procure a dissolution of the preliminary injunction, but contested the equity suit generally. The equity suit was reported to the law court which sent down a rescript denying the injunction, and dismissing the bill with costs. No formal decree was signed and filed at the *nisi prius* term, but the rescript was filed, and the entry made on the docket as ordered by the law court, and execution was issued to the then respondents for their costs.

The then respondents now bring this action on the bond given for the preliminary injunction, and the action is reported to the law court for the determination of two questions:

1. The now defendants claim that this action is prematurely brought, and allege, as a reason, that the equity suit is not yet ended, no final decree having yet been made by a single justice at *nisi prius.*

We do not think such a decree is necessary to end an equity suit under such circumstances. The judgment of the law court in this case, was not an affirmation of any rights, or duties, to be declared and enforced by an executive decree. It was a simple negation of the complainant's claim. It stopped the suit; dismissed, ended it. The entry on the docket was a decree to be formulated by the clerk in the extended record. It sufficiently effectuated the order of dismissal.

2. The plaintiffs claim that among "the damages and costs caused" by the preliminary injunction, are the fees, he was obliged to pay counsel in defense of the equity suit.

*Non constat* that the preliminary injunction caused this expenditure. The plaintiffs, (then respondents) would have resisted the prayer for a permanent injunction, if no preliminary injunction had been obtained. With or without a preliminary injunc-

tion, there would have been the same defense,—the same pleadings,—the same evidence,—the same arguments,—the same judgment and consequently the same counsel fees. The expenditure was caused by the *suit*, and not by the preliminary injunction. It must, therefore, be excluded in assessing the damages, in this action upon the bond for the preliminary injunction, which bond was only to pay such damages and costs, as were caused by the preliminary injunction. *Oelrichs* v. *Spain*, 15 Wall. 211; *Newton* v. *Russell*, 87 N. Y. 527.

The plaintiff's counsel cites some decisions to the contrary, but we think our conclusion is supported by the better reason and authority.

The report states that all other damages have been adjusted, since the action was begun. Hence no damages can be recovered, and, as the action was maintainable, the defendants cannot recover costs. By the terms of the report, we can determine what end to make of the action, and we think that end should be an entry of "neither party."

*Neither party.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ., concurred.