[Civ. No. 986.  First Appellate District.—June 18, 1912.]

## R. W. MARTLAND, Respondent, v. BEKINS VAN AND STORAGE COMPANY, a Corporation, Appellant.

ACTION OF CLAIM AND DELIVERY FOR PIANO AGAINST COMMON CARRIER— FINDING AND JUDGMENT FOR PLAINTIFF.—Where a common carrier, after storing plaintiff's goods, agreed to transport and deliver them "to and within plaintiff's dwelling-house," whereupon all charges would be paid by plaintiff, and all goods were delivered, with the exception of a piano, which was withheld until all charges should be paid, which defendant fully promised, and was ready and willing, to pay. upon delivery of the piano as agreed, and tendered full payment upon that condition, in an action of claim and delivery by the plaintiff for such piano, the trial court properly found that the defendant was not entitled to be paid until the piano was placed within the house pursuant to the contract, and properly rendered judgment in favor of the plaintiff in such action.

ID.—CARRIER'S LIEN NOT LOST BY DELIVERING PIANO IN CASE OF NON- PAYMENT.—By fully performing its contract to place the piano in the defendant's house, at which time all of its charges were to be paid, its lien would not be lost, in case of breach of contract on the part of the plaintiff by nonpayment upon such delivery, and in such case the defendant could maintain an action of claim and delivery for the piano, for the preservation of its lien thereupon.

ID.—COUNSEL FEES NOT PAID BY PLAINTIFF NOT RECOVERABLE IN ACTION FOR CLAIM AND DELIVERY.—Counsel fees not paid by the plaintiff are not recoverable as damages in an action of claim and delivery, even if they could be recovered as damages in any such action. No unpaid fees can support a finding of money expended in pursuit of the property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Wm. H. Chapman, for Appellant.

F. V. Meyers, for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action in claim and delivery.

For a given rate the defendant orally agreed to carry and transfer the furniture and goods of the plaintiff from a certain place "to and within a dwelling-house" on Fifth avenue, San Francisco. Defendant delivered and placed all the goods in said house except a piano. As to that article defendant transported it to the entrance of the place of delivery, but refused to deliver it until paid the amount of its charges, to wit, $28. At the time of such refusal plaintiff questioned the correctness of the bill, but informed defendant's employees that he would pay it if they would perform the contract and place the piano within the house. Subsequently he renewed this offer in writing.

Under the provisions of section 3051 of the Civil Code the defendant had a lien on the goods of plaintiff for the services rendered in the carriage thereof, dependent upon possession.

The trial court found that the defendant was not entitled to be paid until the piano was delivered within the house. This accords entirely with our view of the case. Under the attending circumstances, the plaintiff insisting, as he did, that the defendant place the piano in the house, and promising to pay upon the performance of such act, it was clearly the duty of defendant, we think, to comply with plaintiff's demand, and thus fully perform its contract, in order to be entitled to payment of its charges or to the benefit of its lien as carrier. We do not believe that if the defendant had placed the piano in plaintiff's home, and then and there demanded payment, and payment refused, this would have been such a delivery as to deprive it of the right of possession for the purpose of preserving its lien. It would have had the right at once to remove the piano, and if prevented, it could have brought an action in claim and delivery. (*Bigelow* v. *Heaton*, 6 Hill (N. Y.), 43, 4 Denio (N. Y.), 496; 5 Am. & Eng. Ency of Law, 412.)

In *Bigelow* v. *Heaton* the defendant declined to pay the plaintiff's freight for carrying a cargo of flour until the flour should be delivered, but promised to pay all charges upon delivery. The flour was thereupon delivered, but defendant refused to pay unless the plaintiff would make a certain deduction from his freight for pretended injuries to the flour, which he claimed were caused by the manner of delivery. The plaintiff disaffirmed the act of delivery and demanded restitution of the goods. This being refused, he brought an action of replevin. It was held that the action was maintainable.

The finding of the court that the plaintiff became indebted to his counsel for bringing this action in the sum of $75, and for services in connection therewith, and that therefore he was entitled to damages in such sum, cannot be sustained. Counsel fees not paid cannot be recovered as damages by the prevailing party in an action of claim and delivery. In *Murphy* v. *Mulgrew,* 102 Cal. 547, [41 Am. St. Rep. 200, 36 Pac. 857], it was held that the giving of a note by the plaintiff to his attorney for his services in a claim and delivery action would not support a finding of money expended by plaintiff in pursuit of the property.

In *Hays* v. *Windsor,* 130 Cal. 230, 235, [62 Pac. 395], in a similar case the court held the same way, strongly intimating that in no case of claim and delivery would the prevailing party be entitled to attorney's fees as damages incurred in the pursuit of the property.

The judgment is therefore modified by striking therefrom the provision awarding the sum of $75 as damages to the plaintiff, and as thus modified the judgment is affirmed, appellant to recover from respondent the costs of this appeal.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied August 16, 1912.