[Civ. No. 1497.  First Appellate District.—March 30, 1915.]

## W. R. BRADSHAW & CO., Appellant, v. FREDERICK EGGERS, as Sheriff etc., Respondent.

Action for Conversion—Motion for New Trial—General Order—Review on Appeal.—In an action for conversion where the trial court granted a motion for a new trial, made upon several specified grounds of insufficiency of the evidence to sustain the findings and judgment of the court, in general terms, without specifying upon what particular ground it based its order, the appellate court is not required to review all of the grounds urged on the motion, and if any one of them was sufficient, the order of the trial court will be sustained.

Id.—Attorney's Fees—When not Allowable.—The rule is well settled that attorney's fees are not allowable as damages in actions for claim and delivery or conversion; and in such an action where the court in awarding plaintiff damages included an item for attorney's fees for services in consultations and preparing the claim and demand of plaintiff, which were necessary preliminaries to the institution of the action, the trial court properly granted a motion for a new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a motion for a new trial.  B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Samuel T. Bush, for Appellant.

William Tomsky, for Respondent.

THE COURT.—This is an appeal from an order granting the defendant's motion for a new trial.

The facts are these: The plaintiff, a wholesale dealer in tailors' cloths, entered into an arrangement with one Muller, a tailor, by which the former was to place with the latter in his tailoring establishment, fifty suit patterns of cloth, which the latter was to sell in the form of suits as ordered, and for which patterns of cloth he was to pay as the suits were sold. While this cloth was in the possession of Muller under this arrangement, a portion of it was attached upon the suit of a creditor of Muller, and taken into the possession of the defendant as the attaching officer. The secretary of the plaintiff, who was in its employ under a regular monthly salary, spent some time in looking up the matter of the attachment and whereabouts of the property; and he also, acting for the plaintiff, placed the matter of the recovery of the property into the hands of Mr. Samuel T. Bush, the regular attorney for the company, with instructions to retrace the goods and reclaim the property, paying him the sum of fifty dollars for his services. Upon the trial it appeared from the testimony of Mr. Bush himself that he prepared the plaintiff's verified claim and demand for the property to be presented to the sheriff, signing the same as the attorney for the plaintiff; and that the clerks in his office did some work in the service of papers, etc., prior to the institution of the suit. Mr. Bush also testifies that the fifty dollars paid to him was not paid to him as an attorney's fee, but for the purpose of trying to recover the property without litigation; but he also very frankly testifies that he "acted in the capacity of an attorney in representing the claimant in the effort to recover the property, and receive the $50 for that."

This action for the conversion of the property was presently begun. Upon its trial the case was submitted upon the plaintiff's proofs, the defendant offering no evidence. The court found in favor of the plaintiff, awarding it the sum of three hundred and five dollars as damages, of which sum, according

to the findings of the court, the item of $16.65 was awarded as compensation for the time expended in the proper pursuit of the property, and apparently the further item of fifty dollars paid to plaintiff's attorney as above set forth was included in the above award of damages.

The defendant moved for a new trial upon several specified grounds of insufficiency in the evidence to sustain the findings and judgment of the court. The court granted said motion generally, without specifying upon what particular ground it based its order. It is not required of this court that upon this appeal it shall review all of the grounds urged by the defendant upon his motion for a new trial; if any one of these was sufficient the order of the trial court will be sustained; and that one of the defendant's grounds of motion was sufficient we entertain no doubt.

The trial court awarded plaintiff damages in the sum of $305.65; and in making up this sum included the item of fifty dollars paid to the attorney for the plaintiff, as testified to by himself. It is evident that this fee was paid to plaintiff's attorney as such, and for services which consisted chiefly, if not wholly, in consultations and in the preparation of the claim and demand of the plaintiff, which were necessary preliminaries to the institution of this action. The rule is well settled that attorneys' fees are not recoverable as damages in actions of claim and delivery or conversion. (*Martland* v. *Bekins etc. Co.*, 19 Cal. App. 283, [125 Pac. 759]; *Nicholls* v. *Mapes*, 1 Cal. App. 349, [82 Pac. 265]; *Hays* v. *Windsor*, 130 Cal. 230, [62 Pac. 395]; *Murphy* v. *Mulgrew*, 102 Cal. 547, [41 Pac. 200]; *Greenbaum* v. *Martinez*, 86 Cal. 459, 462, [25 Pac. 12]; *McDonald* v. *McConkey*, 57 Cal. 325.) The evidence in this case being insufficient to sustain the finding and judgment of the court as to this element and item of the damages awarded to the plaintiff, the court properly granted defendant's motion for a new trial.

It is not necessary to consider the other points in the case.

**Judgment affirmed.**