[Civ. No. 1927. Second Appellate District.—April 3, 1917.]

## JULIA P. WARDEN et al., Appellants, v. J. B. CHOATE, Respondent.

INJUNCTION—TEMPORARY RESTRAINING ORDER—DAMAGES—ATTORNEY'S FEES.—In an action prosecuted for the purpose of obtaining damages alleged to have been sustained by reason of the restraint imposed under a temporary restraining order in an action for injunctive relief, the court properly determined that no attorney's fees were incurred as damages by reason of the order, where it did not appear from the evidence taken, as set out in the reporter's transcript, that any motion was made to dissolve the order, but that the whole of the efforts of the restrained party were directed to resisting the order to show cause, during the pendency of the hearing of which order, the temporary restraining order was made, and which fell of its own weight at the time fixed for the hearing of the order to show cause.

ID.—LOSS OF SALE OF LOT—PLEADING AND EVIDENCE—DAMAGES NOT ALLOWABLE.—In such an action damages are not properly allowable for loss alleged to have been sustained on account of the inability of the plaintiffs to accept an offer to purchase a certain lot due to the fact that they had been prevented from obtaining a deed thereto by the restraining order, where there was no allegation in the complaint or evidence that the lot was worth any less

after the restraining order had become of no effect than it was at any time during the pendency of the restraint imposed by the order.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

J. Irving McKenna, and Catherine A. McKenna, for Appellants.

Carlyle Wynn, for Respondent.

JAMES, J.—Appeal by the plaintiffs from a judgment denying them any relief in this action, and also from an order denying a motion for a new trial. The defendant here, in March, 1914, brought an action against these plaintiffs and certain officials of the city of Los Angeles in which injunctive relief was asked for. A temporary restraining order was made pending the hearing of an order to show cause which was set for the sixth day of April, 1914. These plaintiffs appeared in response to the order to show cause and demurred to the complaint of the plaintiff (this defendant), and made a further showing by affidavit in opposition to the application for injunction *pendente lite*. At the time fixed as the return day on the order to show cause, the demurrer was considered by the court and sustained, and the action there ended. This action was prosecuted for the purpose of obtaining damages alleged to have been sustained by reason of the restraint imposed under the temporary restraining order. The action, however, is upon the alleged undertaking of the defendant here, who was plaintiff in the injunction suit, by which in that suit he gave security against damages on account of the restraining order. The security was not in the form prescribed by the code, to wit, by written undertaking, the order to show cause and restraining order as signed by the court reciting that "plaintiff having given cash bond in the sum of $300 to indemnify defendants against damage by reason of this restraining order," etc. The question as to whether the acceptance of money in lieu of such undertaking as is authorized by the code to be given upon injunctions

(Code Civ. Proc., sec. 529), was proper, may be passed and it may be considered that it was permissible for the court to require indemnity in that form. In the injunction action it was alleged that the plaintiffs here were the holders of certain property assessment certificates acquired on account of sale of property for delinquent street assessments in the city of Los Angeles, which certificates, and the redemption proceeds from the same, it was sought by the injunction suits to have sequestered or impounded in order that the plaintiff in that suit, he being a judgment creditor of the defendant C. D. Warden, might cause them to be subjected to satisfaction of his debt. The Wardens in this action alleged that they had incurred damages in the sum of three hundred dollars, being money paid as counsel fees for the purpose of securing the dissolution of the temporary restraining order, and further, that by reason of the restraint imposed they had been prevented from securing a deed to a certain lot affected by one of the assessment certificates, and had been prevented from accepting an offer of five hundred dollars made to them for said lot. The court in this case determined by its findings that no amount of attorney's fees had been incurred or paid out by these plaintiffs for the purpose of securing a dissolution of the temporary restraining order. It does not appear from the evidence taken, as set out in the reporter's transcript, that the plaintiffs made any motion to dissolve the temporary restraining order, but it appears that their efforts were directed to resisting the order to show cause. At the time fixed as the return day in the order to show cause they appeared, and their demurrer to the complaint of the plaintiff (this defendant) was sustained. The temporary restraining order fell of its own weight at the expiration of the time limited therein, to wit, at the time fixed for the hearing of the order to show cause. In such a case the court properly determined that no attorney's fees were incurred as damages by reason of the temporary restraining order. (See *San Diego Water Co.* v. *Pacific Coast Steamship Co.,* 101 Cal. 216, [35 Pac. 651] ; *Curtiss* v. *Bachman,* 110 Cal. 433, [52 Am. St. Rep. 111, 42 Pac. 910].) It is contended that the answer of the defendant here admitted that some amount of attorney's fees had been incurred on the behalf alleged; but taking the answer altogether we find that it contains an allegation denying that any damage at all was sustained on the part

of the plaintiffs by reason of the temporary restraining order. Neither was it proper to allow damages on account of the second alleged cause therefor, to wit, by reason of loss alleged to have been incurred on account of the inability of the plaintiffs to accept an offer of five hundred dollars for the lot as before mentioned. There is no allegation contained in the complaint, and neither does the evidence support any such condition, that the lot was worth any less after the restraining order had become of no effect than it was at any time during the pendency of the restraint imposed by that order. We conclude that the judgment of the court was proper and is supported by the record presented.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.