[L. A. No. 7446.  In Bank.—October 30, 1923.]

ANGLO-CALIFORNIA TRUST CO. (a Corporation), Appellant, v. B. V. COLLINS et al., Respondents.

[1] CLAIM AND DELIVERY — JUDGMENT — FINDINGS—DAMAGES FOR DETENTION—PLEADING.—In an action of claim and delivery of a tractor, where the trial court found as a fact that the tractor was worth $1,700 at the time the action was commenced and was worth only $350 at the time judgment for plaintiff was rendered, and gave an alternate judgment for the recovery of the possession of the tractor, or if recovery could not be had, for the sum of $350, and denied the plaintiff's claim for damages for the detention of the property, the allegations of the complaint that the value of the tractor was $1,700 and that plaintiff was damaged by the detention thereof in said sum of $1,700, were sufficient to entitle plaintiff to judgment for $1,350 for the depreciation of the tractor during the pendency of the action while it was in the possession of the defendants by reason of a redelivery bond.

[2] ID.—DAMAGES—DETERIORATION OF PROPERTY.—In such an action, the deterioration of the tractor was a proper element of damages for the detention of the property, and a finding of such deterioration by the trial court was equivalent to a finding of damages to that amount.

[3] ID. — CONCLUSION OF LAW — FINDINGS. — In such an action, the statement in the conclusions of law of the trial court that "the plaintiff is not entitled to recover any damages from the defendants or either of them for said wrongful detention," was, in fact, a conclusion of law as to what the plaintiff was entitled to recover, and not a finding of fact.

[4] ID.—RIGHT TO ATTORNEY'S FEES—GENERAL RULE.—As a general rule, the plaintiff is not entitled to a recovery of attorney's fees in a suit for claim and delivery.

APPEAL from a judgment of the Superior Court of Imperial County.  Franklin J. Cole, Judge.  Reversed.

The facts are stated in the opinion of the court.

Geo. H. Stone for Appellant.

C. L. Brown for Respondents.

2.  Depreciation of property between date it was replevied and final judgment as element of recovery, note, 24 A. L. R. 1193.

WILBUR, C. J.—This is an appeal from a judgment in an action of claim and delivery. The action was brought on July 1, 1920. The rights of the parties in this action grow out of a contract dated June 21, 1919, between John R. Davis, plaintiff's predecessor in interest, the seller, and defendant John Kessler, the purchaser, for the sale of a farm tractor, with a four-disc plow and an eight-foot double disc with standard attachments and equipment, for the sum of $2,418. Under this contract of sale the seller retained the title to the property until it was fully paid for and the purchaser paid $800 at the time of the delivery of the tractor and agreed to pay the sum of $161.80 per month until the full purchase price was paid. None of these monthly installments were paid. It was agreed that if the purchaser failed to make any of the payments due thereunder the seller could take possession of the property and that thereupon the rights of the purchaser should cease and the seller should retain the property and all moneys theretofore paid or then due "as part compensation for the use of said personal property as aforesaid." Whether or not under this stipulation in the contract the purchaser was entitled to have the $800 paid by him applied upon the damages resulting from the loss by plaintiff of the use of the farm tractor during the period of its wrongful detention or to the item of depreciation is a question not discussed by the parties and which we will for that reason pass without further notice.

It was also agreed that in the event the seller should employ an attorney to recover the property the purchaser would pay an additional sum equal to ten per cent of the purchase price of the personal property for attorney fees.

[1] The principal question raised by the appeal arises from the fact that the trial court found as a fact that the farm tractor was worth $1,700 on the day the action was commenced and was worth only $350 at the time judgment was rendered, and gave an alternate judgment for the recovery of the possession of the tractor, or if recovery could not be had for the sum of $350, and denied the plaintiff's claim for damages for the detention of the property. Appellant claims it should have had judgment for the amount of the depreciation of the farm tractor to the amount of $1,350. The appeal is upon the judgment-roll. The answer by the

respondents to appellant's claim that the judgment should have included $1,350 as damages for the detention of the farm tractor, the amount of depreciation thus found by the court to have been suffered by the property during its detention by the defendants is that there are no sufficient allegations in the complaint to justify such a judgment.  In this we think the respondents err, for the plaintiff alleged that the value of the property was $1,700 and sought the return of the property or a judgment for that amount.  It also alleged that it has been damaged by the detention of the farm tractor in the sum of $1,700.  It is true that this allegation of damage was for the full value of the farm tractor and was inconsistent with the prayer that the tractor should be returned, nevertheless it was a sufficient allegation of damages to cover the situation which actually developed in the trial of the case, namely, that the tractor was worth $1,700 when the action was brought, and depreciated during the pendency of the action to the sum of $350 while in the possession of the defendants by reason of the redelivery bond. The trial court found that the farm tractor belonged to the plaintiff at the time the action was instituted and that the plaintiff at that time had the right to the possession thereof. The tractor was taken by the sheriff upon the filing of a proper bond and affidavit by the plaintiff and was retained by him until the defendant, within five days thereafter, filed a redelivery bond, whereupon the tractor was delivered to the defendants Collins and Kessler.  The deterioration of the tractor amounting to $1,350 either would not have accrued or would have been the plaintiff's loss if it had been permitted to retain possession thereof, as it was entitled to do, when the sheriff secured possession thereof under the delivery bond.

[2]  The deterioration was a proper element of damages for the detention of the property (*Morris* v. *Allen,* 17 Cal. App. 684 [121 Pac. 690] ; *Berry* v. *Bank of Bakersfield,* 177 Cal. 206 [170 Pac. 415]), and a finding of such deterioration by the court was equivalent to a finding of damages to that amount.

[3]  The trial court did not otherwise expressly find upon the plaintiff's allegation as to the value of the use of the property, which plaintiff alleged to be $50 a month, and did not expressly refer to the issue of damages except in the

conclusions of law, where it was stated "that the plaintiff is not entitled to recover any damages from the defendants or either of them for said wrongful detention." This was in fact, a conclusion of law as to what the plaintiff was entitled to recover, and not a finding of fact. The findings do not support the judgment. In any view of the case, the judgment under the findings is inadequate to compensate the plaintiff.

It is impossible to reconcile the judgment to the effect that the plaintiff take the deteriorated tractor worth $350 in satisfaction of his claim of possession with the finding that the right of possession accrued July 1, 1920, and that the tractor was then worth $1,700, and had ever since been wrongfully in the defendants' possession.

The plaintiff also questions the amount of the attorney fees, claiming it should be ten per cent of the purchase price, that is, $241.80, instead of $90 allowed by the trial court. [4] As a general rule, the plaintiff is not entitled to a recovery of attorney fees in a suit for claim and delivery (*Black* v. *Hilliker,* 130 Cal. 190, 193 [62 Pac. 481]). It is assumed by the respondents, in view of the contract between the parties for an attorney's fee in the event one is employed to recover possession of the property, that the plaintiff would be entitled to recover attorney fees in this action, although such fees could not otherwise be recovered. The respondents content themselves with the suggestion that it cannot be ascertained upon what basis the court allowed attorney fees, for the reason that although the contract provided for attorney fees of ten per cent upon the purchase price of the farm tractor and disc plows, it appeared from the evidence that the disc plows were never delivered to defendants and the value of the farm tractor was not found otherwise than by fixing its value at the time the action was brought and at the time of trial, hence it is suggested that the judgment could not be reversed on the judgment-roll alone for want of such finding. In view of this condition of the argument and record upon the subject of attorney fees, we will not pass upon the right to or amount of attorney fees to be allowed the plaintiff in this action.

Judgment reversed.

Waste, J., Kerrigan, J., Seawell, J., Lawlor, J., Lennon, J., and Myers, J., concurred.