[Civ. No. 6186. First Appellate District, Division One.—April 16, 1928.]

MIRAMONTE & LOUEDESTEL CO. (a Corporation), Respondent, v. NATIONAL SURETY COMPANY (a Corporation), Appellant.

Henry E. Carter for Appellant.

A. H. Swallow and Robert Richards for Respondent.

KNIGHT, J.—This is an action for damages against appellant as surety on an attachment undertaking. Judgment was awarded in respondent's favor for the sum of $633.30, from which judgment the appeal is taken.

The action in which the attachment was issued and levied was brought by one O. N. Scott against respondent in Los Angeles County and subsequently transferred to Inyo County. It was tried upon the merits in the latter county, and judgment given for respondent. No proceedings were ever taken to dissolve or vacate the attachment, and it was discharged only by virtue of the judgment rendered in respondent's favor after trial upon the merits. In the present action the principal element of damages for which allowance was made consisted of an item of $500 for attorney's fees expended in defending the attachment suit on the merits; and the sole question presented for determination is whether under the circumstances stated the item of attorney's fees constituted a proper element of damage. This identical question was raised in the recent case of *Soule* v. *United States Fidelity and Guaranty Co.*, 82 Cal. App. 572 [255 Pac. 886], and the authorities cited and relied upon by

respondent herein as sustaining the trial court's action were therein reviewed. In deciding the point it was said: "We are of the opinion that in actions of the character of the instant one, as in analogous cases of suits on injunction bonds, the rule established by the weight of authority limits the recovery of attorneys' fees to those paid for procuring a dissolution of the attachment; and that, as said in *Mitchell* v. *Hawley* [79 Cal. 301, 21 Pac. 833], *supra,* the allowance of such fees is exceptional, and the rule should not be extended to include counel fees paid in defense of the principal suit."

Therefore, upon the authority of that case and for the reasons therein stated, the judgment in the present case is modified by deducting therefrom the sum of $500 representing the expenditure for attorney's fees, and as thus modified the judgment will stand affirmed, appellant to recover its costs on appeal.

Tyler, P. J., and Cashin, J., concurred.