[Civ. No. 868. Fourth Appellate District.—September 30, 1931.]

J. W. HANDY, Respondent, v. R. SAMAHA et al., Appellants.

Fred. H. Thompson for Appellants.

W. E. Abraham for Respondent.

BARNARD, P. J.—This is an action to recover on an injunction bond. In a former action this plaintiff recovered a judgment against R. Samaha, which judgment became final. The sheriff having attached Samaha's bank account, held sufficient money to satisfy the judgment. Samaha brought an action in the Superior Court of Imperial County, numbered 12817, seeking to enjoin the sheriff from paying over this money in satisfaction of the judgment. He secured a temporary restraining order and an order to show cause, filing a bond signed by the other defendants in this case. This plaintiff and his counsel appeared at the time set in the order to show cause, and the matter was continued for three days. Within these three days the plaintiff in that action, having discovered some technical error in the proceedings, caused the temporary restraining order and the order to show cause to be set aside and vacated, and, in the same proceeding, immediately secured a new temporary restraining order and a new order to show cause, filing a new undertaking with the same sureties as the first one. The defendant in that proceeding then filed a notice of motion to dissolve the temporary restraining order and all of the matters were heard together. The temporary restraining order was dissolved and the money paid over by the sheriff. Two months later that action was dismissed on motion of the defendant therein.

Subsequently this action was filed, the complaint setting up two causes of action based upon the two bonds. Two items of damage were .claimed, one consisting of attorney's fees paid in resisting the injunction proceeding and the other being for loss of this plaintiff's time in preparing his defense and attending the various hearings in the injunction proceeding. The court found that the plaintiff herein had paid

$150 for attorney's fees for services rendered in action No. 12817, and also that the plaintiff was damaged in the sum of $175 for loss of time and expenses paid in the preparation of his defense in said action. Judgment was rendered for $325 and costs, from which judgment this appeal is taken.

In respect to the matter of attorney fees, appellants concede, as they must, that such fees are allowable for services rendered in procuring a dissolution of an injunction, not including any part of such an expense incurred by reason of the suit itself, as distinguished from the injunction (*Curtiss* v. *Bachman*, 110 Cal. 433 [52 Am. St. Rep. 111, 42 Pac. 910, 912]; *Bustamente* v. *Stewart*, 55 Cal. 115). As we understand appellants' contention, it is that there were really two proceedings for an injunction, the first being voluntarily dismissed, and that the court's allowance of $150 was improper, since it actually covered the proceeding that was dismissed, the one that was heard, and the defense of the entire case. What appellants denominate as two separate proceedings were both proceedings in the one action No. 12817, and counsel appeared in response to the first order before that portion of the proceeding was dismissed by the party who had instituted it. While it is true that attorney's fees may not be allowed for services rendered in defending the entire action as distinguished from those performed in resisting an injunction, this particular action was for the purpose of securing an injunction only, and the entire fee being paid for services rendered in securing a dissolution of the injunction, the amount was properly allowed as an element of damage. Nor do we think the allowance was improper, because the evidence shows that the attorney to whom the fee was paid moved for a dismissal of the action some two months after the temporary injunction was dissolved. Apparently, the attorney was simply completing his work and it is not to be assumed that he made any extra charge on that account. We think the evidence is sufficient to sustain the finding that this attorney fee was paid for services made necessary by the issuance of the injunction.

The court also allowed as damages the sum of $175 for time claimed to have been lost by this respondent in defending action No. 12817, and for "expenses" incurred in the preparation of his defense. The record shows no

sufficient evidence of any such expense and the only evidence called to our attention concerning respondent's loss of time, aside from testimony that he appeared in court on three occasions, is the following:

"Q. And in particular in the middle of February . . . is that one of the busiest times of the year?

"A. Yes.

"Q. Your time during the month of February would be of more value to you than some time later in the year?

"A. Absolutely.

"Q. What would you consider, basing the time you spent in my office preparing for the trial and the time you spent in the Court here, to be the reasonable value of your time?

"A. I would say every trip down here is worth at least fifty dollars to me and, in some cases more, depending on the time of the year, particularly during the lettuce season and especially at this time."

Not only is this evidence very unsatisfactory as to the amount and value of the time thus devoted, but we are of the opinion that that item is not properly allowable as an element of respondent's damages. In *Curtiss* v. *Bachman, supra,* the court said: "The loss of time and injury to the business of the appellant were clearly outside of the undertaking of the sureties." The bonds here in question covered "such damages . . . as such party may sustain by reason of the said injunction". In *Black* v. *Hilliker,* 130 Cal. 190 [62 Pac. 481, 482], the court said:

"It is contrary to the general policy of the law that a plaintiff who is unsuccessful in his suit shall be mulcted in damages merely by reason of his failure to obtain a judgment. It is only in exceptional cases that the successful party in an action, either at law or in equity, is permitted to recover as part of his damages the attorneys' fees paid by him. In *Asevado* v. *Orr,* 100 Cal. 293 [34 Pac. 777], we said: 'The courts of the state are open to every citizen for the redress of his wrongs, and, unless he is at liberty to seek such redress without rendering himself liable in damages to the defendant in case he shall fail to establish his complaint, this right would, in many instances, be a barren privilege.' In *Mitchell* v. *Hawley,* 79 Cal. 301 [21 Pac. 833], it was said: 'The allowance of counsel fees in suits on injunction bonds, and in one or two other actions of a kindred character,

is exceptional; and it should not be carried beyond the point to which former decisions have taken it.' The rule thus stated has been strictly followed.''

In *Moore* v. *Maryland Casualty Co.,* 100 Cal. App. 658 [280 Pac. 1008, 1010], the general rule for allowing damages in such a case is set forth as follows:

''It is well-settled law that when an injunction is wrongfully issued, and subsequently dissolved, the party enjoined will be entitled to such damages within the limit of the penalty of the bond as he may have sustained by reason of the issuing of the injunction. . . .

''We conclude that where the damages is not remote, but may be reasonably anticipated and attributed to the effect of the injunction, as in the present case, the bond is liable.''

It will be remembered that damage is not here claimed for such an interference with a going business as is the direct result of an injunction itself. Respondent sought only the value of the time devoted by him to the defense of the injunction proceeding. The danger and the uncertainty of permitting such an item is well illustrated by the present case. The allowance seems to have been made largely for three trips to court, although the record discloses that the injunction was dissolved through the presentation of points of law, and nothing appears to show any necessity for the presence of the respondent in court. The respondent was allowed to testify that every trip made from Brawley to El Centro was worth at least $50 to him. The record is silent both as to the amount of time consumed and as to facts justifying his conclusion as to its value.

It appears to us that such an inconvenience as the necessity of making a defense is not one that accrues as the direct effect of an injunction but that it is one of the incidents in an action of that nature, just as it is incidental in any suit. In cases where witnesses are allowed compensation none is allowed to a party to the action. Even where it is the policy of the law to compensate a witness who is compelled to leave his business and come to court, he is not paid according to his individual earning power, but in accordance with a fixed standard applicable to all alike. Courts are established and the right to bring an action is given for the purpose of settling disputes in an orderly and peaceful manner. The right of every man to bring an action carries with it the

corresponding risk of being sued, and the possibility of inconvenience in making a defense. This applies to an injunction case as to any other, and such inconvenience is the effect of being sued and not the effect of the injunction. If such an item of damages were allowed, the resulting possibilities would be many, varied and uncertain. Such valuations would be uncertain, difficult of ascertainment and largely affected by vague and general ideas of the party himself. The cost of seeking legal relief might vary greatly in proportion to the wealth or ability of particular defendants, and this perhaps through hidden causes unknown to a plaintiff. In two cases, apparently under exactly similar circumstances, one might be subjected to small damages and the other find he had been more unfortunate in picking an adversary. While a party seeking an injunction might be willing to incur such risk of damage as may be attributed directly to the effect of the injunction, he might well hesitate to incur, in addition, the risk of any such indefinite and uncertain element of damage as the one in question. As a matter of public policy, not only should courts be open to the rich and the poor alike, but in any judgment rendered no man should be penalized for attempting to secure the rights to which he thinks he is entitled, by the mere fact that his opponent happens to be a man of large affairs or one whose time is, or may be made to appear, of a value beyond that of the ordinary man. We think the rules heretofore existing should not be so extended as to include as an element of damage, in such a case as this, the value of the time devoted by a defendant to preparing or presenting his defense.

The costs in the trial court were fixed at $16.75. Since the judgment should have been for less than $300, no costs should have been allowed. For the reasons given, the judgment is modified by striking from the same the sum of $175 and the further sum of $16.75, and as so modified the judgment is affirmed, the appellants to recover their costs on appeal.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 27, 1931.