[L. A. No. 24014. In Bank. Aug. 10, 1956.]

L. J. LeFAVE et al., Appellants, v. JAMES H. DIMOND et al., Respondents.

Buchalter, Nemer & Fields and Murray M. Fields for Appellants.

Gitelson, Ashton, Moore & Coyle, Alfred Gitelson and Leon M. Cooper for Respondents.

GIBSON, C. J.—In a prior action defendant Dimond sought to recover possession of personal property from plaintiffs, LeFave and others. Dimond invoked the provisional remedy of claim and delivery, filing an undertaking as required by statute. (See Code Civ. Proc., §§ 509, 512.[1]) After the sheriff served the papers relating to the provisional remedy, LeFave et al. furnished a redelivery bond pursuant to section 514[2] and, as permitted by the statute, retained possession of the property. Dimond was unsuccessful in that action, and the present suit, based on the claim and delivery undertaking, was brought by LeFave et al. against Dimond and his surety to recover attorney's fees incurred in defending the prior action. When the matter came on for trial, the court sustained an objection to the introduction of evidence on the ground that

---

[1]Section 509 of the Code of Civil Procedure provides: "The plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons, or at any time before answer, claim the delivery of such property to him as provided in this chapter."

Section 512 of the Code of Civil Procedure reads, in part: "Upon a receipt of the affidavit and notice, with a written undertaking, executed by two or more sufficient sureties, . . . to the effect that they are bound to the defendant in double the value of the property as stated in the affidavit for the prosecution of the action, for the return of the property to the defendant, if return thereof be adjudged, and for the payment to him of such sum as may from any cause be recovered against the plaintiff, such officer must forthwith take the property described in the affidavit. . . ."

[2]Section 514 of the Code of Civil Procedure sets forth the procedure by which a defendant may require the return of the property upon giving to the officer making the service a written undertaking, executed by two or more sureties, "to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against the defendant. If a return of the property be not so required within five days after the taking and service of notice to the defendant, it must be delivered to the plaintiff, except as provided in section 519."

the complaint did not state a cause of action, and LeFave et al. appeal from the ensuing judgment.

 Ordinarily, fees paid to attorneys are not recoverable from the opposing party as costs, damages or otherwise, in the absence of express statutory or contractual authority. (Code Civ. Proc., § 1021; *Viner* v. *Untrecht,* 26 Cal. 2d 261, 272 [158 P.2d 3].) Section 512 of the Code of Civil Procedure, which sets forth the requirements of the undertaking to be furnished in claim and delivery, provides for the payment to the defendant ''of such sum as may from any cause be recovered against the plaintiff.'' Section 667 of the Code of Civil Procedure[3] permits either the plaintiff or the defendant in a replevin action to recover judgment for the possession of the property or its value and, in addition, damages for its taking and detention. (*Spencer Kennelly, Ltd.* v. *Bank of America,* 19 Cal.2d 586, 589 [122 P.2d 552]; *Nahhas* v. *Browning,* 181 Cal. 55, 57 [183 P. 442, 6 A.L.R. 476].)

 It is clear that there is no express authority for the allowance of attorney's fees in claim and delivery, and the cases have uniformly refused to award such fees as damages in actions for the recovery of personal property. (*Drinkhouse* v. *Van Ness,* 202 Cal. 359, 380 [260 P. 869] [claim and delivery, damages sought by plaintiff]; *Anglo-California Trust Co.* v. *Collins,* 192 Cal. 315, 318 [219 P. 982] [claim and delivery, damages sought by plaintiff]; *Harris* v. *Smith,* 132 Cal. 316, 319 [64 P. 409] [damages sought by plaintiff]; *Hays* v. *Windsor,* 130 Cal. 230, 235-236 [62 P. 395] [damages sought by defendant]; *Black* v. *Hilliker,* 130 Cal. 190, 193-194 [62 P. 481] [claim and delivery, damages sought by defendant]; *Holm* v. *Davis,* 8 Cal.App.2d 328, 330-331 [47 P.2d 537] [damages sought by plaintiff]; *Martland* v. *Bekins Van & Storage Co.,* 19 Cal.App. 283, 285 [125 P. 759] [damages sought by plaintiff]; see also *W. R. Bradshaw & Co.* v. *Eggers,* 27 Cal.App. 132, 134 [148 P. 961], which states that ''attorneys' fees are not recoverable as damages in actions of claim and delivery or conversion.'')

---

[3]Section 667 provides, in part, "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same. . . ."

Section 627 of the Code of Civil Procedure contains similar provisions as to assessment of damages in actions for recovery of specific personal property.

Plaintiffs point out that attorney's fees have been allowed where the provisional remedies of attachment and injunction were invoked, and it may be that, as a matter of policy, there is just as much reason for allowing such fees in claim and delivery as in attachment and injunction. The courts, however, have construed our statutes as authorizing the allowance of attorney's fees incurred in procuring the dissolution of an attachment or injunction in appropriate cases where such remedies were used (*Reachi* v. *National Auto. & Cas. Co.*, 37 Cal.2d 808 [236 P.2d 151] [attachment][4]; *Frahm* v. *Walton*, 130 Cal. 396 [62 P. 618] [injunction]; *Prader* v. *Grim*, 13 Cal. 585, 586, 587-588 [injunction]; *Ah Thaie* v. *Quan Wan*, 3 Cal. 216, 217-218 [injunction]; *Mason* v. *United States Fid. & Guar. Co.*, 60 Cal.App.2d 587, 593-594 [141 P.2d 475] [injunction]; see *Soule* v. *United States Fid. & Guar. Co.*, 82 Cal.App. 572, 573-575 [255 P. 886] [attachment]), while, as we have seen, the cases have uniformly refused to allow attorney's fees as costs or damages in actions to recover personal property where claim and delivery was invoked. Arguments with respect to matters of policy in this field should be directed to the Legislature.

The holding of the trial court that the complaint fails to state a cause of action is in accordance with the settled rule that fees paid to attorneys are not recoverable as damages or otherwise in the absence of express statutory or contractual authority.

The judgment is affirmed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

CARTER, J.—I concur in the judgment but deem it necessary to point out that attorney's fees are not allowed in injunction cases and probably should not be in attachment cases, except the fees incurred on a successful motion to dissolve or quash the provisional remedy; they have not been allowed for defense of the action in which the injunction was sought. The majority opinion states generally, ''The courts, however, have construed our statutes as authorizing the allow-

---

[4]The Reachi case involved the attachment of property of a nonresident under section 537 of the Code of Civil Procedure, and attorney's fees were allowed for defending this suit on its merits because it was necessary to defeat the main action in order to defeat the attachment.

ance of attorney's fees incurred in procuring the dissolution of an attachment or injunction in appropriate cases where such remedies were used (*Reachi* v. *National Auto & Cas. Co.,* 37 Cal.2d 808 [236 P.2d 151] [attachment]; *Frahm* v. *Walton,* 130 Cal. 396 [62 P. 618] [injunction]; *Prader* v. *Grim,* 13 Cal. 585, 586, 587-588 [injunction]; *Thaie* v. *Quan Wan,* 3 Cal. 216, 217-218 [injunction]; *Mason* v. *United States Fid. & Guar. Co.,* 60 Cal.App.2d 587, 593-594 [141 P.2d 475] [injunction]; see *Soule* v. *United States Fid. & Guar. Co.,* 82 Cal.App. 572, 573-575 [255 P.2d 886] [attachment]), while, as we have seen, the cases have uniformly refused to allow attorney's fees as costs or damages in actions to recover personal property where claim and delivery was invoked.'' This is not a complete statement of the law in injunction cases. In such cases where a bond is given for the issuance of a temporary restraining order or preliminary injunction, counsel fees incurred on a successful motion to dissolve the injunction are recoverable but not for defending on the merits the action for an injunction. (*Bustamente* v. *Stewart,* 55 Cal. 115; *Porter* v. *Hopkins,* 63 Cal. 53; *Lambert* v. *Haskell,* 80 Cal. 611 [22 P. 327]; *San Diego Water Co.* v. *Pacific Coast Steamship Co.,* 101 Cal. 216 [35 P. 651]; *Mitchell* v. *Hawley,* 79 Cal. 301 [21 P. 833]; *Mason* v. *United States Fid. & Guar. Co.,* 60 Cal. App.2d 587 [141 P.2d 475]; *Handy* v. *Samaha,* 117 Cal.App. 286 [3 P.2d 602]; *Warden* v. *Choate,* 33 Cal.App. 354 [165 P. 36]; *Curtiss* v. *Bachman,* 110 Cal. 433 [42 P. 910, 52 Am. St.Rep. 111]; *Moore* v. *Maryland Casualty Co.,* 100 Cal.App. 658 [280 P. 1008]; *Frahm* v. *Walton,* 130 Cal. 396 [62 P. 618]; see *Thaie* v. *Quan Wan,* 3 Cal. 216.) It is said in *Curtis* v. *Bachman, supra,* 110 Cal. 433, 437: ''The damages for which the plaintiff seeks to recover herein, and of which he gave evidence at the trial, consisted of moneys which he had paid to his attorneys, the costs incurred in the action of *Gilman* v. *Curtis, supra* [66 Cal. 116 (4 P. 1094)] [the injunction action], and the loss of time and injury to his business necessitated by the suit. We are of the opinion, however, that neither of these elements of damage is within the terms of the obligation of the defendants, and that the plaintiff failed to establish any right of action against them. The liability of the defendants is measured by the terms of their contract, and in the present action *is limited to the damages that the plaintiff might sustain* 'by reason of the said injunction.' Whatever expenses he was subjected to by reason of the suit, as distinguished from those sustained by reason of the injunction, are not damages within this

contract of the defendants; and, as it rested upon the plaintiff to establish a cause of action against them, it was necessary for him to show, not only that he had sustained damage, but that the damage which he had sustained was caused solely by reason of the injunction.

"Counsel fees incurred by a defendant by reason of a preliminary injunction are recognized as a part of the damages for which he has a right to indemnity, and are within the undertaking which the plaintiff is required to give as a condition of procuring the injunction; but only such counsel fees as may be incurred after the injunction has been issued, and prior to the determination of the action, can be considered as within the rule. *If the defendant, instead of attempting to remove the temporary injunction, seeks rather to prevent the issuance* of a permanent injunction, or directs his efforts to defeating the action of the plaintiff, the expense of counsel fees thus incurred is an incident of the suit, and *is not recoverable as damages sustained by reason of the injunction.* 'The allowance of counsel fees in suits on injunction bonds is exceptional, and should not be carried beyond the point to which former decisions have taken it' [citations]. Counsel fees rendered in resisting a motion for a preliminary injunction are not within the terms of the undertaking, since they are not expenses made necessary 'by reason of the injunction.' . . . [B]ut are expenses incurred in the action as much as are counsel fees rendered in attempting to prevent the issuance of a permanent injunction (*Thurston* v. *Haskell,* 81 Me. 303). . . . It is well settled that the services of counsel rendered in the trial of the cause are not a portion of the damage sustained by reason of the injunction." (Emphasis added.)

In the instant case no effort was made to have the claim and delivery proceedings nullified and hence there was no basis for the award of any attorney's fees. The only fees incurred were those of defending the action on the merits. The injunction cases are, therefore, authority for the result reached in this case.

In regard to attachment cases it has been held by this court that where the attaching creditor attached in order to obtain jurisdiction (quasi-rem) over a nonresident defendant and the attachment was appropriate to the case and valid on its face, the defendant therein who won the main case could recover the attorney's fees expended in defending the main case. (*Reachi* v. *National Auto. & Cas. Co.,* 37 Cal.2d 808 [236 P.2d 151].) That case is out of line with several appellate

court decisions and is probably wrong. It purported to distinguish *Soule* v. *United States Fid. & Guar. Co.*, 82 Cal.App. 572 [255 P. 886], and *Miramonte etc. Co.* v. *National Surety Co.*, 91 Cal.App. 64 [266 P. 576], which applied the same rule as had previously been applied in the injunction cases above discussed. The distinction is not realistic (see 25 So.Cal. L.Rev. 452). A short time before the decision in the Reachi case, *Woodward* v. *Bruner*, 104 Cal.App.2d 83 [230 P.2d 861], held that attorney's fees in an action for the removal of the effects of a wrongful attachment in another action are not recoverable as damages because damages do not include attorney's fees. And it was held in *Viner* v. *Untrecht*, 26 Cal.2d 261 [158 P.2d 3], that attorney's fees were not "damages" and therefore not recoverable in an action for the conversion of personal property where the statute (Civ. Code, § 3336) provided that the detriment caused by the wrongful conversion of personal property is presumed to be "a fair compensation for the time and money properly expended in pursuit of the property."