AH THAIE, Respondent, *v.* QUAN WAN & KAN SE,
Appellants.

In an action upon an injunction bond, to recover damages for the wrongful issuing
of the writ, it was held, that the amount paid to counsel as a fee to procure the
dissolution of the injunction, was properly allowed as part of the damages.

Generally, the recovery of counsel fees, as part of the damage, is not allowed, as
where the loss is *consequential*, but where the loss is *direct*, as in the case of an
improper commencement and prosecution of a suit, or other process in a suit, it
should be allowed.

The case of Heath *v.* Lent, 1 Cal. Reports, is not law.

APPEAL from the Fourth Judicial District, San Francisco.

The complaint stated that on the 28th May, 1853, one Chin
Lan, and Ah Lee, filed a complaint against the plaintiff, and
sued out a writ of injunction against the plaintiff, to which
plaintiff yielded due obedience until dissolved; that to obtain the
said injunction the defendants executed their bond, in the sum of
$8100, to pay the plaintiff such damages as he should sustain by
reason thereof, &c.; that the injunction deprived plaintiff of the
use of $10,000, until the same was dissolved, from which he
suffered loss to the amount of $5000, and paid twenty-five dol-
lars, for the safe keeping thereof; and that the plaintiff was
obliged to procure counsel learned in the law to procure the dis-
solution of the said injunction, at the cost of $1200, and costs,
&c., and prays judgment for $5000 damages, &c.

And the defendants demurred, and assigned for cause among
others, the charge of $1200, paid counsel for procuring the dis-
solution of the injunction, which was the only point considered
in this court. The District Court overruled the demurrer, and
the defendants appealed.

*Brown* and *Pratt*, for appellant.

It has been expressly held by this court, that counsel fees
cannot be recovered upon an attachment bond; nor any other
costs, except such as are taxable. Heath et al. v. Lent, 1 Cal.
Rep. 410; and see 7 Blackford, Ind. Rep. 129; 3 Dall. R., 306.

The statute under which the bond was given, prescribes its condition, to "pay to defendant all damages that he may receive by reason of the wrongful issuing out of the writ of attachment." The statute concerning injunction bonds requires the bond to secure to the party enjoined, "such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction," &c.

*Tingly,* for respondent,
Cited, 11 Paige, 244–47, and authorities there cited.

WELLS, Justice, delivered the opinion of the court.

The appeal in this case, is brought upon a judgment overruling the demurrer to the complaint.

The court below overruled the demurrer, and rendered judgment against defendants, upon the ground that counsel fees necessarily paid to procure a dissolution of the injunction, are recoverable in an action brought upon an injunction bond.

It is insisted, that this court has already decided that counsel fees cannot be recovered in an action like this; and the case of Heath *v.* Lent, 1 California Rep. 412, is cited as authority. In that case, the court, per HASTINGS, C. J., laid down the rule, that in an action on a bond for damages accruing from a wrongful suing out of an *attachment,* counsel fees constitute no part of the damages.

We are referred also to a decision of the Supreme Court of Indiana, Davis *v.* Cowre, 7th Blackford, which it is contended, sustains this rule. As to the first, we say, that Chief Justice HASTINGS does not base his decision upon the point raised here; besides, even though it may be said, that it decides the point here, we question the correctness of the judgment of the court in that case as it stands, and think it erroneous.

The case in Blackford, it will be perceived, was brought on a replevin bond, and was decided, not according to any general principle of law or equity, but the court clearly bases its decision, and is controlled in its judgment, by the statutes. And with all due deference we may add, that placing it even upon that ground, upon careful examination of the statutes of the State, neither

does that decision meet with our approval. It certainly cannot control the case before us, or guide us in our judgment.

It is sufficient to say, that the cases cited by the appellant, were controlled by the statutes and provisions of the particular States ; and doubtless the opinions delivered were founded upon them. But, notwithstanding these authorities, we do not entertain the slightest doubt, that an action brought upon an injunction bond, can be maintained in this State, under our statutes, and we concur fully with the decisions of the learned Chancellor WALWORTH, in Edwards v. Bodine, 11 Paige, Chancery Reports, 224, 5, in which he holds, that the taxable costs of the defendants, and the reasonable counsel fees paid by them, upon the application to dissolve the injunction, were a part of the damages sustained by them in consequence of the granting such injunction.

The language of the condition of the bond is undoubtedly broad enough to embrace the necessary counsel fees, which the defendants have been obliged to pay out in order to procure the dissolution of the injunction.

For the *necessity* of paying such counsel fees, is an actual damage that the defendant has sustained, in defending himself, and procuring a dissolution of the injunction, and the condition of the bond is imperative that the " obligators shall pay to the parties enjoined such damages as they may sustain by reason of the injunction."

It appears to us that the principle is not only just in equity, but sound in law, that all the damages to which a party may be put by the wrongful issuance of an injunction, should be recoverable in an action upon such a bond, and reasonable counsel fees should be included in those damages; of course, leaving the amount to be assessed by the jury. As this was the only ground of demurrer to the complaint, it is ordered that the judgment of the court below be affirmed with costs.

HEYDENFELDT, Justice, concurred, as follows :—

Generally, the recovery of counsel fees is not allowed as part of the damages, and the reason given for it is because the loss is consequential, and not the actual and direct injury complained of.

But where, as in this case, the injury complained of is the improper commencement and prosecution of a writ, or of any process in a suit, the counsel fees in such case is a loss as immediate and direct as any other, and should be allowed. Upon this principle, I think the case of Heath *v.* Lent, 1 Cal. Rep., is not law.

I concur in the affirmance of the judgment.