[Civ. No. 5735. First Appellate District, Division One.—April 28, 1927.]

G. R. SOULE, Respondent, v. UNITED STATES FIDELITY AND GUARANTY CO. (a Corporation), Appellant.

[1] ATTACHMENT—UNDERTAKING—ACTION AGAINST SURETY—DAMAGES —ATTORNEY'S FEES.—In an action against a surety on an attachment undertaking, the measure of damages to be recovered is the actual expense and loss resulting from the levy, including counsel fees for professional services rendered in relation to the attachment, but not counsel fees paid in defense of the principal suit.

[2] ID.—EXPENDITURES HAVING NO DIRECT RELATION TO ATTACHMENT —ABSENCE OF RIGHT OF RECOVERY.—In such an action, money paid for transcribing the testimony of a witness, which has no direct relation to the attachment, and which is not an expense or loss resulting from the levy, is not recoverable.

---

(1) 6 C. J., p. 534, n. 37, p. 543, n. 1, p. 544, n. 6.    (2) 6 C. J., p. 543, n. 97.

1. Right to recover counsel fees as damages on dissolution of attachment, notes, 10 Ann. Cas. 954; Ann. Cas. 1914D, 815; 25 A. L. R. 579; 39 A. L. R. 527. See, also, 8 Cal. Jur. 806; 2 R. C. L. 895.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Horace W. B. Smith and P. R. Lund for Appellant.

William Sea, Jr., for Respondent.

CASHIN, J.—An appeal from a judgment in an action to recover damages against appellant as surety upon an undertaking on attachment.

The undertaking was filed and an attachment issued and levied on property owned by respondent in an action for money had and received brought against him by one Collins, the trial of which resulted in a judgment for respondent. No proceedings were had to dissolve or vacate the attachment, which was discharged by virtue of the judgment.

In the instant case there was included in the amount for which judgment was entered a sum paid as a counsel fee in defending the action mentioned and a further expenditure made in that action. It is claimed by appellant that these amounts were improperly allowed, and the first question presented by the appeal is whether the counsel fee was a proper element of damage.

The first California case in which the question was considered is *Heath* v. *Lent,* 1 Cal. 410, wherein it was held that counsel fees paid by the attachment debtor in defense of the suit were not recoverable in an action on the attachment bond.

In *Ah Thaie* v. *Quan Wan,* 3 Cal. 216, an action on an injunction bond, a judgment for attorneys' fees paid to procure the dissolution of the injunction was affirmed. The court in that case considered the effect of *Heath* v. *Lent, supra,* and held that in so far as it might be said to decide that attorneys' fees paid to procure the dissolution of an injunction were not recoverable the decision was erroneous. As was said in *Elder* v. *Kutner,* 97 Cal. 490, 494 [32 Pac. 563]: "The case of *Ah Thaie* v. *Quan Wan,* 3 Cal. 216, overrules the case of *Heath* v. *Lent,* 1 Cal. 410, to the extent of holding that fees paid to counsel to procure the dissolu-

tion of an injunction was a direct loss consequent upon the wrongful issuing of the injunction, for which a recovery could be had on the bond.''

The rule in *Ah Thaie* v. *Quan Wan, supra,* was approved in *Prader* v. *Grim,* 13 Cal. 586, and it was held in *Bustamente* v. *Stewart,* 55 Cal. 115, that the amount recoverable on account of attorneys' fees in an action upon an injunction bond is limited to fees paid for procuring the dissolution of the injunction and does not extend to fees paid for defending the entire case. This rule was followed in the case of *Mitchell* v. *Hawley,* 79 Cal. 301 [21 Pac. 833], and *San Diego Water Co.* v. *Pacific Coast S. S. Co.,* 101 Cal. 216 [35 Pac. 651], in the first of which the court said: ''The allowance of counsel fees in suits on injunction bonds and in one or two kindred actions of a similar character is exceptional, and it should not be carried beyond the point to which former decisions have taken it.''

The case of *Elder* v. *Kutner, supra,* was an action upon an attachment bond, one of the counts being for the recovery of attorneys' fees a liability for which was alleged to have been incurred in the defense of the action, no effort having been made to dissolve or vacate the attachment, which was discharged by the final judgment. It was held that the complaint as to this count failed to state a cause of action. In that case the right to recover fees paid for the defense of the action was not discussed, the sole question considered being the sufficiency of a count containing no allegation of payment; and it was decided that counsel fees in a proper case for their allowance could not be recovered until they had been actually paid and that the fact of payment should be averred.

[1] The foregoing are all the California cases in which the question of the right to recover attorneys' fees in actions on bonds of this character has been considered, but numerous cases from other jurisdictions have been collected in the notes to *St. Joseph Stockyards Co.* v. *Lowe,* 57 Utah, 450 [25 A. L. R. 569-586, 195 Pac. 305]. While the decisions on the question are conflicting, the weight of authority, as there shown, is to the effect that the measure of damages to be recovered on an attachment bond is the actual expense and loss resulting from the levy, including counsel fees for professional services rendered in relation to

the attachment, but not counsel fees paid in defense of the principal suit.

We are of the opinion that in actions of the character of the instant case, as in analogous cases of suits on injunction bonds, the rule established by the weight of authority limits the recovery of attorneys' fees to those paid for procuring a dissolution of the attachment; and that, as said in *Mitchell* v. *Hawley, supra,* the allowance of such fees is exceptional and the rule should not be extended to include counsel fees paid in defense of the principal suit.

[2] It appears from the findings that there was allowed as part of the damage claimed the sum of $21 expended in defending the action brought by Collins, of which the sum of $7 had already been paid. The judgment-roll in that action is a part of the record in the instant case, and shows that judgment was entered therein "against said plaintiff for said defendant's costs and disbursements waived in this action amounting to $7.00." According to the testimony of respondent the expenditure claimed and allowed was incurred in resisting the attachment suit and paid for transcribing the testimony of Collins. It is clear that this sum with that paid to counsel has no direct relation to the attachment and was not within the rule an expense or a loss resulting from the levy.

It is ordered that the judgment be modified by deducting therefrom the allowance for attorneys' fees in the sum of $150 and the further sum of $14 for transcribing, a total of $164. As thus modified the judgment is affirmed, and it is further ordered that appellant recover its costs on appeal.

Tyler, P. J., and Knight, J., concurred.