[Civ. No. 18650. Second Dist., Div. Two. Nov. 26, 1951.]

IDEAL HEATING CORPORATION (a Corporation), Respondent, v. ROYAL INDEMNITY COMPANY (a Corporation) et al., Appellants.

McBain & Morgan, Irving E. Tarson, and Lane & McGinnis for Appellants.

John W. Preston and Bordon & Bordon for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff for $12,807.22, after trial before a jury in an action to recover on an attachment bond for the wrongful levy of an attachment, defendants appeal.

*Facts:* 1. In August, 1947, defendants DeMirjian commenced an action against plaintiff herein and others to recover the sum of approximately $300,000.

2. June 10, 1948, the DeMirjians filed with the clerk of the court an undertaking in attachment executed by defendant surety company and caused a writ of attachment to be issued and levied on the sum of $35,876.85, belonging to plaintiff.

3. About June 9, 1948, the Ideal Heating Corporation (plaintiff herein) filed a notice of motion to discharge the attachment.

4. On July 13, 1948, after the matter had been fully argued, the motion to discharge the attachment was denied and no appeal was taken therefrom.

5. On July 15, 1948, the Ideal Heating Company filed a second motion to discharge the attachment.

6. On August 6, 1948, the court denied the motion to discharge the attachment from which an appeal was taken and the District Court of Appeal reversed the order of the trial court and dissolved the attachment as wrongful.

7. July 26, 1949, the present action was instituted seeking to recover damages sustained by Ideal Heating Corporation as a result of the wrongful retention of its funds by virtue of the writ of attachment and for the reasonable value of attorneys' fees incurred and paid by it in procuring the dissolution of attachment.

The jury returned a verdict in favor of plaintiff.

*Questions:* First: *Did the trial court commit prejudicial error in admitting evidence (1) as to the legal services in connection with the first motion to dissolve the attachment, (2) services rendered regarding the second motion to dissolve the attachment, and (3) legal services with respect to the Ideal Heating Corporation's application for a writ of mandate to the District Court of Appeal which was denied?*

*No.* ■ In an action against a surety on an attachment undertaking the measure of damages to be recovered is the actual expense and loss resulting from the levy, including counsel fees for professional services rendered in relation to procuring the dissolution of the attachment but not counsel fees paid in defense of the principal suit. (*Soule v. United States F. & G. Co.*, 82 Cal.App. 572, 574 et seq. [1] [255 P.

886]; *Java Cocoanut Oil Co.* v. *Fidelity & Deposit Co.*, 300 F. 302, 303 et seq. *Cf. Hornaday* v. *Hornaday*, 95 Cal.App.2d 384, 393 [6] [213 P.2d 91]; *Albertsworth* v. *Glens Falls Indem. Co.*, 84 Cal.App.2d 816, 823 [2] [192 P.2d 66].)

The foregoing rule is correct. ■ However it is a question of fact for the determination of the trier of fact as to what services were rendered by counsel "in procuring the dissolution of the attachment."

■ In the present case the trial court properly received the evidence to which defendants objected because such evidence was relevant to the issue of what services counsel rendered in procuring the dissolution of the attachment.

It is obvious that in preparing the first motion which was denied counsel made research and other preparation which were beneficial in connection with the preparation and presentation of the second motion which ultimately resulted in the dissolution of the attachment. The same reasoning applies to the preparation and presentation of the writ of mandate to the District Court of Appeal which was denied, because such research and preparation were beneficial in the presentation of the appeal which in turn resulted in the dissolution of the attachment.

■ The fact that in deciding *DeMirjian* v. *Ideal Heating Corp.*, 91 Cal.App.2d 905 [206 P.2d 20], the court passed upon other questions which were of benefit in defense of the principal action did not make the evidence of the work and preparation of counsel in connection with that appeal inadmissible, it being a question of fact for the determination of the trier of fact under proper instructions as to the value of the services rendered by counsel in obtaining the dissolution of the attachment.

■ In the present case the court instructed the jury as requested by defendants that counsel fees could be recovered only for services rendered by plaintiff's attorneys relating to their work in connection with the dissolution of the attachment; also that if the jury should find that the fees paid by plaintiff to its attorneys were in part for services rendered in procuring the dissolution of the attachment and in part for services rendered in defense of the main action, then it was the duty of the jury to segregate the services and fees relating to the dissolution of the attachment from the services rendered in the main action. (*Cullinan* v. *McColgan*, 87 Cal.App. 684, 692 [263 P. 353].)

These instructions were correct and it is apparent from

the results that the jury followed them for the reason that the evidence disclosed that plaintiff actually paid counsel fees in the sum of $13,400 for all services, including those necessary to procure the dissolution of the attachment. However the jury under the foregoing instructions returned a verdict for plaintiff for only $10,000 for counsel fees. It is thus evident, the jury concluded, the services rendered by plaintiff's attorneys in the dissolution of the attachment were of the reasonable value of $10,000, not including the work done on the petition for a writ of mandate, the first motion to dissolve the attachment and the collateral benefits to the defense of the main action resulting from the opinion of the District Court of Appeal.

*Curtiss* v. *Bachman,* 110 Cal. 433 [42 P. 910, 52 Am.St.Rep. 111], *Bustamente* v. *Stewart,* 55 Cal. 115, *Mitchell* v. *Hawley,* 79 Cal. 301 [21 P. 833], *Soule* v. *United States F. & G. Co.,* 82 Cal.App. 572 [255 P. 886], *Miramonte etc. Co.* v. *National Surety Co.,* 91 Cal.App. 64 [266 P. 576], and *Hornaday* v. *Hornaday,* 95 Cal.App.2d 384 [213 P.2d 91], relied on by defendants, do not reach a conclusion inconsistent with the foregoing. They merely state and apply the general rule set forth above relative to the circumstances under which attorney's fees incurred in connection with the dissolution of an attachment may be recovered as an item of damages in a suit on an attachment bond.

 Second: *Was there substantial evidence to sustain the trier of fact's finding that plaintiff was damaged in the sum of $10,000 because of legal services rendered by its attorneys in procuring the dissolution of attachment?*

*Yes.* The evidence disclosed the services which had been rendered and a witness for plaintiff testified that payments were made to the attorneys in the aggregate amount of $13,484 "in efforts to release the attachment."

 Third: *Did the trial court commit prejudicial error in refusing to instruct the jury at defendants' request as follows?*

1. "You are instructed that counsel fees may be recovered by the plaintiff in an action of this kind only when such fees were actually paid for legal services solely and directly relating to proceedings involving the dissolution of the attachment itself and then only to the extent that such fees are reasonable and necessary. Thus counsel fees paid in connection with the defense by plaintiff herein of the principal suit from which the attachment arose are not recoverable in this action."

2. "If you should find that counsel fees claimed herein by plaintiff were paid in part in connection with the proceedings involving the dissolution of attachment and in part with reference to issue involved in the principal action which has been called the 'fire case,' and if you are unable to so segregate the fees and services and are unable to determine what portion of fees and services, if any, were paid in connection with the proceedings for dissolution of attachment, and what portion, if any, was paid in connection with the issues in the fire case, then you must not suffer yourself to guess or speculate and must not make any allowance to plaintiff for counsel fees in your verdict."

3. "If you find from the evidence that certain of the professional services allegedly rendered by counsel for plaintiff and claimed by plaintiff as services relating to the dissolution of the attachment were actually rendered either wholly or in part for the purpose of attempting to secure an advantage to plaintiff in said action other than the dissolution of the attachment, you may not allow for that portion of said services but can only allow for services rendered in respect to the dissolution of the attachment. As triers of the facts you should attempt to determine what portion of the services were rendered for the general benefit of plaintiff in said action and what portion, if any, were rendered solely and directly for the purpose of effecting a dissolution of the attachment and what fee, if any, was paid by plaintiff solely for the services rendered in respect to the dissolution of the attachment. If you should find that plaintiff either made no payment solely for legal services relating to the dissolution of the attachment or if you should be unable to determine the amount of either the payment made solely for that purpose, if any, or the amount of legal services rendered solely for that purpose, then you may find that plaintiff has failed in its burden and is not entitled to recover for the monies paid by it to its counsel."

4. "You will not allow the plaintiff any recovery for any counsel fees allegedly paid with respect to the attachment proceedings for the time expended on unsuccessful proceedings designed to obtain the dissolution of the attachment. The fees allowable, if any, are only for those services rendered in connection with necessary, proper and successful proceedings."

5. "You shall make no allowance to plaintiff herein for counsel fees paid by plaintiff for legal services rendered in

respect to the motion for dissolution of attachment filed on June 18, 1948, and decided on July 13, 1948, or in connection with the petition for writ of mandate filed in the District Court of Appeal and the legal services rendered by plaintiff's attorney in respect to those matters shall be disregarded.''

*No.* The trial court correctly stated to the jury in other instructions requested by defendants the substance of the instructions set forth above. ■ Hence the general rule is applicable that the trial court need not give more than one instruction on a given question of law, and even if requested instructions which are refused correctly state the law it is not error if the substance of such instructions has been given to the jury in other language. (*Nelson* v. *Colbeck,* 94 Cal. App.2d 792, 797 [211 P.2d 878] ; *Luis* v. *Cavin,* 88 Cal.App.2d 107, 115 [198 P.2d 563].)

■ Fourth : *Did the trial court err in instructing the jury as follows?*

''It is for you to determine from the evidence in this case the reasonable value of the legal services, if any, necessarily rendered, relating to, incident to, connected with, a part of and reasonably necessary in connection with the proceedings designed to obtain the dissolution of the attachment and only those rendered for that purpose. In arriving at such reasonable value you may consider all the facts and circumstances before you and may use your own opinions and arrive at your own conclusions as to what was the reasonable value of those services, if any.

''. . . The only counsel fees which may be awarded are reasonable fees rendered relating to, connected with, a part of, and reasonably necessary to the prosecution of the attachment proceedings litigation. The determination of this issue is a question of fact for the jury in view of the evidence presented and the Court's instructions. . . .

''. . . amount of legal services actually rendered relating to, incident to, connected with, a part of, and reasonably necessary in connection with the dissolution of the attachment; . . .

''. . . counsel fees, if any, actually paid for services relating to, incident to, connected with, a part of, and reasonably necessary in respect to the dissolution of the attachment, . . .

''. . . legal services were in fact performed by plaintiff's attorneys in respect to the attachment litigation and that said services were incident to, connected with, a part of, and

reasonably necessary to the prosecution of the litigation in the so-called attachment proceedings. . . .

". . . plaintiff is entitled to recover fees for legal services rendered relating to, connected with, a part of, and reasonably necessary to the prosecution of the attachment proceedings litigation, . . ."

*No.* Defendants contend that the trial court by the foregoing instructions failed to limit plaintiff's recovery to the amount *paid* for *successful* proceedings resulting in the dissolution of the attachment; that the foregoing instructions informed the jury it should allow for all services in anywise relating to the attachment proceedings as such whether successful or unsuccessful in effecting a dissolution of the attachment, as well as for the value of benefits resulting to the defense of the action on its merits.

Instructions are to be read and considered as a whole. The fact that some, when taken severally, fail to enumerate the propositions of law in precise terms and with legal accuracy does not render them erroneous if the instructions read as a whole are correct. (See cases cited in 2 Cal.Jur. (1921), Appeal & Error, § 509, n. 3, p. 869.)

In the instant case the instructions of the court read in their entirety were complete and correctly stated the rules of law applicable to the issues. No error appears in them.

Affirmed.

Moore, P. J., concurred.

A petition for a rehearing was denied December 10, 1951, and appellants' petition for a hearing by the Supreme Court was denied January 24, 1952.