[Civ. No. 22501.   First Dist., Div. Three.   Nov. 4, 1966.]

EDWIN D. WHITE, Plaintiff and Respondent, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendant and Appellant.

DORIS KATSAROS, Plaintiff and Respondent, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendant and Appellant.

(Consolidated Cases.)

Charles J. Katz, Park & Shenk and Samuel W. Blum for Defendant and Appellant.

Herron & Winn, Dennis B. Conklin, Fred R. Winn and John A. Putkey for Plaintiffs and Respondents.

DRAPER, P. J.—Plaintiffs had judgments upon an undertaking on attachment. Defendant surety appeals.

In the earlier action in which the attachment issued, the complaint, filed by two plaintiffs, named as defendants "Wilson Dills, Black and White Company, a co-partnership, First Doe, Second Doe and Third Doe." It alleged that the then plaintiffs did not know the true names of the three Does, but asked leave to insert them when discovered. The undertaking on attachment filed by appellant was captioned "Bauer-Lesser, a partnership, et al., Plaintiff, v. Wilson Dills, et al., Defendant." In it, the surety obligated itself to "Wilson Dills, et al., Defendant." White, one of the plaintiffs here, was served with summons as defendant First Doe, and Mrs. Katsaros as Second Doe. Their respective residences were then levied upon under writ of attachment which had issued upon filing of the undertaking. Their motions to quash the attachments and for summary judgment were denied. The case in which the attachments had issued was tried and defendants White and Kat-

162

saros had judgment. They brought these actions upon the undertaking. The cases were consolidated for trial. ■ Each had judgment for attorney's fees incurred in defense of the basic action, and White also was awarded interest upon cash which he had deposited to release the attachment when he arranged a sale of his home.

■ Defendant surety argues that respondents may not recover upon the undertaking because they are not named in it as obligees. ■ But we deal here with a contract of suretyship, and its interpretation is governed by the rules applicable to contracts generally (Civ. Code, § 2837; *Standard Oil Co.* v. *Houser*, 101 Cal.App.2d 480 [225 P.2d 539]). Thus, we must so interpret the undertaking as to give effect to the mutual intention of the parties (Civ. Code, § 1636), and to every part of the contract, if reasonably practicable (Civ. Code, § 1641). We must favor a construction which renders the contract operative and capable of being carried into effect (Civ. Code, § 1643).

■ The undertaking does not specifically name the Does. But it does run to Dills, "et al." This is, of course, the common abbreviation for "et alii," meaning "and others." To limit the obligation to the named defendant is to deprive the phrase "et al." of all meaning and effect. Nor can we attach significance to the use of the descriptive word "defendant" in the singular, both in caption and body. The caption also describes the two plaintiffs, the principals who contracted with appellant surety, as "Bauer-Lesser, a partnership, et al., Plaintiff." Appellant's use of the singular to describe the two principals who bought the bond from it and who obviously were known to it, negates construction of the singular "defendant" as a word of limitation.

It is apparent from the face of the undertaking that it ran to all defendants as obligees. When "First Doe" and "Second Doe" were identified, they were served with summons and attachments were levied against them. Thereafter, they were quite as much protected by the bond as the named Dills. It is true that the complaint was not formally amended to substitute the names of White and Katsaros for the Does. But the identical result was obtained by the pretrial order which did substitute them, since that order superseded the pleadings (Cal. Rules of Court, rule 216).

Appellant's undertaking served to hand the plaintiffs in the earlier action a loaded writ of attachment, ready to be used upon any defendant, whether named directly or as a Doe. It

does not lie with appellant to deny its responsibility to those who suffered thereby.

Appellant argues, however, that the attorney's fees for defense of the action on the merits as distinguished from mere efforts to release the attachment, cannot be recovered. The modern California authorities flatly reject this contention. (*Reachi* v. *National Auto & Cas. Ins. Co.*, 37 Cal.2d 808 [236 P.2d 151]; *Byard* v. *National Auto. & Cas. Ins. Co.*, 218 Cal.App.2d 622 [32 Cal.Rptr. 613]; *Stiner* v. *Travelers Indem. Co.*, 226 Cal.App.2d 128 [37 Cal.Rptr. 813]; *Schneider* v. *Zoeller*, 175 Cal.App.2d 354 [346 P.2d 515]). Language in other cases relied upon by appellant is but dictum. Each attachment here was regular on its face. Respondents' attempts to dispose of them by motions to quash and for summary judgment were unsuccessful, and their only remaining recourse was to defend the action in a trial on the merits.

Appellant attacks, in great detail, the awards of attorneys' fees. Much of this attack turns upon the claim that fees for defense of the basic action on its merits are not recoverable under the undertaking on attachment. We have disposed of this assertion. Insofar as the attack turns upon the value and necessity of the attorneys' services, it must fail, because determination of such value lies within the sound discretion of the trial court. We do not retry those issues here (*Bunn* v. *Lucas, Pino & Lucas*, 172 Cal.App.2d 450, 468 [342 P.2d 508]; *State of California* v. *Westover Co.*, 140 Cal.App.2d 447 [295 P.2d 96]). We find no abuse of discretion.

Judgments affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied December 2, 1966, and appellant's petition for a hearing by the Supreme Court was denied December 28, 1966.