[Civ. No. 31222. Second Dist., Div. One. May 8, 1967.]

MART, INC., Plaintiff and Respondent, v. NATIONAL AUTOMOBILE AND CASUALTY COMPANY, Defendant and Appellant.

Francis Schwartz for Defendant and Appellant.

Leland, Hoffman & Kalik, Sherman A. Silverman and Horace L. Kalik for Plaintiff and Respondent.

FOURT, J.—National Automobile and Casualty Company (hereinafter sometimes referred to as National) appeals from a judgment rendered by the trial court in favor of Mart, Inc. (hereinafter sometimes referred to as Mart) in an action for damages on an attachment bond.

Mart is a closely held corporation which operates a discount appliance store under the supervision of its principal officer and stockholder, Murray Mellman (hereinafter referred to as Mellman). Bernard Elowitz, who worked in the Mart store, initially sued Mart and Mellman for an accounting of his share of the profits realized by the business pursuant to an alleged oral agreement for compensation. Elowitz filed his action in February 1962, and on March 23, 1962, was granted a motion for a writ of attachment but postponed levy until December 21st in order to capture the proceeds of Mart's holiday business. Elowitz was then successful in attaching a $27,500 bank account. Mart obtained the release of $22,500 by posting a collateralized bond, but left $5,000 under attachment pending final adjudication on the merits some two years later. Ultimately Elowitz lost the lawsuit, and Mart sued National to recover on its attachment bond.

Mart obtained judgment for the full amount of the bond ($12,500) plus interest: the trial court took into consideration, among others, the following elements of damage: (a) $8,000 attorney fees for the defense of the prior action, (b) $2,421.88 for the services of Mart's accountant, (c) $345.63 incidental expenses, (d) $409.30 interest on the $5,000 retained under attachment, and (e) $2,000 consideration Mart paid for the use of collateral and $210 bond premium to secure a partial release of the attachment.

National concedes that Mart is entitled to damages, including attorney's fees incurred in its successful defense of the earlier action, but contends that the judgment for attorney's fees and other damages included therein is excessive. National claims that the trial court erred in failing to allocate attorney's fees as between those incurred prior to the levy of attachment and subsequent thereto, and thereafter isolating and charging National with that portion only of the legal fees attributable primarily and principally to obtain the discharge of the attachment. These contentions are without merit and we find the judgment reasonable and proper under the circumstances.

"Ordinarily, fees paid to attorneys are not recoverable from the opposing party as costs, damages or otherwise, in the

absence of express statutory or contractual authority.'' (*LeFave* v. *Dimond,* 46 Cal.2d 868, 870 [299 P.2d 858, 60 A.L.R.2d 939] ; Code Civ. Proc., § 1021; *Viner* v. *Untrecht,* 26 Cal.2d 261 [158 P.2d 3].) However, attorney fees incurred in defeating an attachment may be recovered by the successful party in a subsequent action for wrongful attachment. (Code Civ. Proc., § 539.) ▮ Where the attachment is appropriate to the case and valid on its face, thus rendering it invulnerable to an attack in a separate proceeding, the successful litigant may thereafter recover in an action on the bond all reasonable and necessary expenses, including attorney's fees, incurred in defeating the attachment by a trial on the merits. (*Reachi* v. *National Auto & Cas. Ins. Co.,* 37 Cal.2d 808 [236 P.2d 151] ; *White* v. *Indemnity Ins. Co. of North America,* 246 Cal.App.2d 160 [54 Cal.Rptr. 630] ; *Stiner* v. *Travelers Indem. Co.,* 226 Cal.App.2d 128 [37 Cal.Rptr. 813] ; *Byard* v. *National Auto. & Cas. Ins. Co.,* 218 Cal.App.2d 622 [32 Cal.Rptr. 613] ; *Schneider* v. *Zoeller,* 175 Cal.App.2d 354 [346 P.2d 515 ].)

Such fees and expenses need not be apportioned as to those incurred before and after the levy of attachment, since the date of attachment is irrelevant so long as the legal fees and expenses are determined to have been necessary to obtain its discharge. ''We are aware of no provision in the law or in respondent's undertaking that limits its liability only to that damage arising during the period appellant's . . . [bank account] was under attachment as argued by respondent; on the contrary, by statute and the express terms of its bond, respondent's liability extends to damage sustained 'by reason of the attachment.' '' (*Schneider* v. *Zoeller, supra,* p. 358.)

We note that Mart, whether intentionally or by coincidence, released over 80 percent of the funds under attachment but allowed $5,000 to remain in suspense pending trial, thus retaining the right to counsel fees and other expenses of trial throughout the litigation. '' [W]hen the party asserting the claim deliberately determines to impose hardships upon another prior to any judicial resolution of a question on which he has any doubt, he reasonably may be said to have volunteered to assume the risks involved, including the costs which the other necessarily will incur, in the event that his judgment ultimately is proven to have been faulty.'' (*Byard* v. *National Auto. & Cas. Ins. Co., supra,* 218 Cal.App.2d 622, 625.) Although this may not constitute a complete answer, ''The question of services performed and the reasonable value

thereof, and whether it was necessary to determine the case on its merits to discharge the attachment, were factual questions for the determination of the trial court . . .'' (*Stiner* v. *Travelers Indem. Co., supra,* 226 Cal.App.2d 128, 132.) That the amount of money attached and fees charged may, comparatively speaking, seem unreasonable, is not the true test of liability (*Stiner* v. *Travelers Indem. Co., supra,* 133; *Arenson* v. *National Auto. & Cas. Ins. Co.,* 48 Cal.2d 528 [310 P.2d 961]) and the burden rests upon the person who may assert the duty to mitigate damages to prove the existence of such a duty and its breach. (*Schneider* v. *Zoeller, supra,* 175 Cal. App.2d 354.)

In the instant case appellant does not dispute the trial court's finding that the levy of attachment in the prior action was valid and legal on its face; that the writ was issued pursuant to court order; that further proceedings by the attachment defendant in that action to dissolve said attachment would have been futile; and that the only manner by which said attachment could be dissolved or discharged was to defend and prevail in the prior action on its merits.

 Appellant contends only that the trial court erred in finding that ''all of the work done by the attorneys for the defendant, MART, INC., in the prior action was reasonably necessary in the defense of same and that there is no logical, reasonable or rational basis to apportion the services rendered by said firm either before, during or after the obtaining by the plaintiff below, Bernard Elowitz, of a writ of attachment . . .'' and that, as a consequence, all items of damage claimed by Mart were properly chargeable to the surety and recoverable in this action on the bond.

The evidence sustains these conclusions however, since Mart proved that it was the successful defendant in the principal action, that the attachment was valid on its face rendering earlier proceedings for discharge futile, and that all attorney fees and expenses claimed in its action on the bond were reasonable and necessary to defend the principal action. ''Insofar as the attack turns upon the value and necessity of the attorneys' services, it must fail, because determination of such value lies within the sound discretion of the trial court. We do not retry those issues here.'' (*White* v. *Indemnity Ins. Co. of North America, supra,* 246 Cal.App.2d 160, 163 [54 Cal.Rptr. 630]; *Russell* v. *United Pac. Ins. Co.,* 214 Cal.App.2d 78, 89 [29 Cal.Rptr. 346]; *Bunn* v. *Lucas, Pino & Lucas,* 172 Cal.App.2d 450, 468 [342 P.2d 508]; *State*

*of California* v. *Westover Co.*, 140 Cal.App.2d 447 [295 P.2d 96].) This applies to costs and other expenses incurred with respect to the trial of the principal action. (*Ideal Heating Corp.* v. *Royal Indem. Co.*, 107 Cal.App.2d 662 [237 P.2d 521]; *Stiner* v. *Travelers Indem. Co., supra*, 226 Cal.App.2d 128.) ▮▮ We find no abuse of discretion herein.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 5, 1967.